UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DR. FELIX GUZMAN RIVADENEIRA (#122734)     CIVIL ACTION

VERSUS

DEPARTMENT OF HOMELAND SECURITY, ET AL.     NO. 15-0383-JJB-RLB

RULING

In June, 2015, the *pro se* petitioner, a prisoner then confined at the McHenry County Jail in Woodstock, Illinois, filed this proceeding purportedly pursuant to 42 U.S.C. § 1983 and purportedly on behalf of himself and "thousands of federal detainees and their families" in the United States "and all over the world," complaining that the named federal defendants are guilty of violating the constitutional rights of federal detainees in numerous respects.

Pursuant to correspondence dated August 24, 2015 (R. Doc. 2), the Court directed the plaintiff to re-submit his Complaint on the Court's approved Complaint form within twenty-one (21) days and, within such time, either pay the Court's filing fee or submit a properly completed Motion to Proceed *In Forma Pauperis* and Statement of Account, blank copies of which were attached to the referenced correspondence. The Court's correspondence further specifically advised the plaintiff that "failure to amend the pleadings or provide the requested information or forms as indicated will result in the dismissal of your suit by the Court without further notice." *Id.*

A review of the record by the Court now reflects that, despite notice and an opportunity to appear, the plaintiff has failed to respond to the Court's directives. Instead, the referenced correspondence, which was forwarded to the plaintiff at his record address, has been returned to the Court as undeliverable, marked "R[eturn] T[o] S[ender]," with a notation on the returned envelope

indicating that the petitioner is no longer confined at the McHenry County Jail. *See* R. Doc. 3. It thus appears that the plaintiff may have lost interest in pursuing this matter since his release or transfer from the referenced facility.

Pursuant to Local Rule 41(b)(4) of this Court, the failure of a *pro se* litigant to keep the Court apprised of a change of address may constitute cause for dismissal for failure to prosecute when a notice has been returned to a party or the Court for the reason of an incorrect address, and no correction has been made to the address for a period of thirty (30) days. As a practical matter, the case cannot proceed without an address where the plaintiff may be reached and where he may receive pleadings, notices or rulings. Accordingly, the Court concludes that the above-captioned proceeding should be dismissed, without prejudice, for failure of the plaintiff to prosecute this proceeding by failing to keep the Court apprised of a current address.

**IT IS ORDERED** that the above-captioned proceeding be **DISMISSED**, without prejudice, for failure of the plaintiff to prosecute this proceeding by failing to keep the Court apprised of a current address. Judgment shall be entered accordingly.

Baton Rouge, Louisiana, this 30th day of September, 2015.

JAMES J. BRADY
UNITED STATES DISTRICT JUDGE